UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-01016-MCS-AJR | Date May 2, 2025 |
| Title *Juan Francisco Arreola Rochin v. United States Marshals et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER DENYING AMENDED REQUEST FOR EMERGENCY ORDER (ECF NOS. 9–10)**

Petitioner Juan Francisco Arreola Rochin, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court denied his request for an emergency order that he be brought to court for a detention hearing and be provided medical assistance, but the denial was entered without prejudice to renewal of the request. (Order Re: Req., ECF No. 7.) Subsequently, Petitioner filed an amended habeas petition and amended emergency request, now seeking an order that he "be brought immediately to court for a detention hearing and that he either receive due process or be ordered released forthwith." (Am. Req. ¶ 11, ECF No. 9; *see also* Am. Pet., ECF No. 8.) Petitioner supplemented the request with a declaration of his attorney stating Petitioner was discharged from a hospital but was still not being given appropriate medical treatment. (Suppl., ECF No. 10.)

The Court ordered a response from Respondent United States Attorney for the Central District of California, (Order Requiring Resp., ECF No. 11), which Respondent[1] submitted, (Resp., ECF No. 13). Respondent asserts that Petitioner's

---

[1] The response is entered in the name of the United States of America, but the Court assumes the unity of interests between the United States and the United States

claim that he was arrested and confined without charges or a detention hearing is inconsistent with the facts, as Petitioner is the subject of a federal criminal complaint, upon which he was arrested and ordered detained after making his initial appearance. (*Id.* at 1–2); *see generally United States v. Arreola Rochin*, No. 5:25-mj-00211-DUTY-1 (C.D. Cal. filed Apr. 16, 2025).[2]

The Court denies the amended request for failure to comply with rules governing motions for preliminary injunctive relief, Fed. R. Civ. P. 65(a), (b)(1); C.D. Cal. Rs. 7-4, 7-19, 7-20, 65-1; for failure to present support for the request in a form the Court can consider, Fed. R. Evid. 901(a), C.D. Cal. Rs. 3-2, 11-3.10, 7-5, 15-2; and for failure to demonstrate the appropriate factors warrant preliminary injunctive relief, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Beyond the deficiencies in Petitioner's showing of irreparable harm identified in the Court's order denying the prior request, (Order Re: Req. 4), the Court finds Petitioner unlikely to succeed on the merits given that a fundamental tenet of his amended petition—the allegation that Petitioner was detained without process—is inconsistent with judicially noticeable facts about the criminal proceeding the United States initiated against him. Nothing in this Order prevents Petitioner from seeking appropriate relief in the criminal matter. (Resp. 3 (noting availability of such a motion).)

The Court defers to the assigned magistrate judge to present a report and recommendation on the merits of the amended petition and, if he elects, on the propriety of Rule 11 sanctions to be imposed on counsel for representing that Petitioner had received no process when counsel knew or should have known that representation lacked evidentiary support.

The Court directs the Clerk to serve this Order by email to Petitioner's counsel of record in the criminal matter, Jessaka Menzie, jessaka_menzie@fd.org, and Chad J. Pennington, chad_pennington@fd.org.

**IT IS SO ORDERED.**

---

Attorney with respect to the petition. (*See* Resp. 1 (United States appearing through counsel of record, United States Attorney).)

[2] On its own motion, the Court takes judicial notice of the parallel proceeding in this district. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).